# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Linda Baxley, | ) | |
| | ) | Civil Action No.: 9:02-3448-CWH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 4, 2005, W. Daniel Mayes, the attorney who represented the plaintiff Linda Baxley in this Court, filed a motion seeking attorney fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,368.75 for the work done only before this Court on this case. On June 8, 2005, the Commissioner opposed the amount sought and recommended that a more reasonable attorney fee would be $9,120.00. This matter is now before the Court for disposition.

The plaintiff was found to be disabled with an onset date of April 1, 1996. Accordingly, she was awarded $59,894.00 in back benefits, of which a total of $13,368.75 has been withheld to pay attorney fees, representing less than twenty-five percent of said benefits. Counsel seeks the $13,368.75 that has been withheld for attorney fees.

Counsel has already been awarded attorney fees in the amount of $3,885.02 pursuant to the Equal Access to Justice Act. He submits that he will return this amount to the plaintiff if the Court approves the currently requested $13,368.75.

If a Court renders a favorable decision to a claimant under the Social Security Act, then "the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess 25 percent of the total past due benefits[] the claimant is entitled by reason of such judgment . . ." 42 U.S.C. § 406(b)(1)(A). A Court may not include in the calculation of an award of attorney's fees work done before the Secretary. Morris v. Social Security Administration, 689 F.2d 495, 497 (4th Cir. 1982). While the Court may not consider services performed before the Secretary, the Court must take into account fees fixed by the Secretary in calculating the maximum attorney fee allowed under section 406(b). Id. An attorney is allowed fees for services performed before the Court, even when the Court does nothing more than remand the case. Id. The Court must take into account an attorney's risk of receiving nothing for services rendered in contingent fee situations. "[C]harges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is uncertain." McKittrick v. Gardner, 378 F.2d 872, 875 (4th Cir. 1967).

In the past, the Court employed the lodestar method to determine if a requested fee in a social security case was reasonable. See Local Rule 83.VII.07(B)(requires a petition for attorney's fees to comply with the requirements in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). The lodestar method requires a Court to analyze factors in order to determine reasonable hourly rates and reasonable hours. See Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986). The Supreme Court, however, has held that because Congress enacted 406(b) to control and not displace fee agreements between a client and counsel, the lodestar method is an inappropriate device to use to determine if a fee is reasonable under section 406(b). Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002). Section 406(b) requires a Court to review the fee

agreements to ensure that the agreements yield reasonable results. Id. at 807. The only boundary line Congress set was that fees may not be in excess of twenty-five percent of past due benefits, and within this boundary, the plaintiff has the burden of establishing that the fees sought are reasonable for the services rendered. Id. at 808 n. 17.

The Supreme Court in Gisbrecht set forth the following factors it believed courts should consider when determining if a fee agreement is reasonable: (1) "character of representation and the results the representation achieved[;]" (2) "if the attorney is responsible for a delay," Courts should reduce the attorney's award to "prevent the attorney from profiting in the accumulation of benefits during the pendency of the action[;]" (3) the benefits compared to the amount of time counsel spent on the case, to avoid a windfall for counsel; (4) "the hours counsel spent representing the claimant and counsel's normal hourly billing charge for non-contingent fee cases." Id.

The Commisioner awarded the plaintiff $59,894.00 in past due benefits. The plaintiff and counsel agreed that counsel would receive twenty-five percent of the past due benefits awarded to the plaintiff. The total amount of attorney fees counsel seeks does not exceed the twenty-five percent threshold mandated by section 406(b). The Court in applying the four factors set forth in Gisbrecht, however, must review the amount the fee agreement yields to ensure that counsel's resulting fee is reasonable.

First, the Commisioner does not challenge the quality of counsel's representation or the results counsel achieved for the plaintiff. Counsel contends that he specializes in representing individuals with Social Security disability claims. Initially, without counsel's assistance, the defendant denied the plaintiff's claim for disability benefits. With counsel's assistance, however,

the plaintiff recovered past due benefits.

Second, the record does not indicate that counsel caused a delay during the pendency of the action in order to profit from the accumulation of benefits.

Third, based upon the risk inherent in a contingent fee agreement, the Court does not believe that a fee of $13,368.75 for 30.4 hours of service would result in a windfall to counsel.[1]

Fourth, counsel contends that the majority of work he does is on a contingency basis. As a result, he has no normal hourly rate to compare to the hourly rate the fee agreement yields. Counsel further contends that there is no market hourly rate for Social Security work because Social Security work is done on a contingency basis. Counsel submits two District Court cases in which the Judges allowed fees comparable to the fees counsel seeks. See Brown v. Barnhart, 270 F.Supp.2d 769, 772-773 (W.D. Va. 2003) and Jones v. Barnhart, No. CV 4-99-220 (S.D. Ga. March 4, 2004). In Brown, the district court approved a fee of $6,000.00 for 6.14 hours, and in Jones, the district court allowed a fee which equaled $840.00 an hour.

Based on the quality of services rendered by counsel and the contingent nature of payment, the Court finds that an award of $13,368.75 is reasonable. Accordingly, the Court grants counsel's fee request. Upon receipt of this fee, counsel is required to remit to the plaintiff the attorney fees he received under the Equal Access to Justice Act, which equals $3,885.02.

---

[1] When testing a contingent fee for reasonableness, a disagreement exists between district courts in this circuit as to whether the Court should consider time an attorney expended at the agency level in addition to work performed at the judicial phase of the proceedings. See Henshaw v. Barnhart, 317 F.Supp.2d 657, 661 (W.D.Va. 2004). The district courts considering work performed at the agency level reason that Gisbrecht requires a determination of the reasonableness of a contingent fee agreement and to properly do so, the court must consider the total amount of work an attorney performed for the client, including work done at the agency level. Id. The Court agrees with this reasoning.

**AND IT IS SO ORDERED.**

_____

**C. WESTON HOUCK**

**UNITED STATES DISTRICT JUDGE**

July 21, 2005
Charleston, South Carolina